Filed 5/28/14  P. v. Lupien CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL RUSSELL LUPIEN,<br><br>    Defendant and Appellant. | D064207<br><br><br>(Super. Ct. No. SCD242206) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On April 5, 2013, a jury found defendant and appellant Paul Russell Lupien guilty of one count of robbery in violation of Penal Code section 211.[1]  The jury also found that

---

[1]    All further statutory references are to the Penal Code.

Lupien had committed the robbery while on probation within the meaning of section 1203, subdivision (k), had been convicted of a violent or serious felony within the meaning of section 667, subdivisions (b) through (i), and had been convicted of a serious felony within the meaning of section 667.5, subdivision (b).

Prior to trial, Lupien moved to strike his earlier 1986 conviction on the grounds his plea in that case was invalid because he had neither been properly advised nor waived his *Boykin/Tahl*[2] rights. The trial court, after reviewing the minute order entered at the time of Lupien's plea in the 1986 case, found that Lupien had been properly advised and had waived his right against self-incrimination, to confront witnesses, and to a jury trial. Accordingly, the trial court denied Lupien's motion.

At sentencing, the trial court dismissed the section 667 "strike" prior under section 1385 and dismissed one of the prior prison term enhancements. Lupien was sentenced to the upper term of five years on the robbery conviction (§ 213, subd. (a)(2)), a consecutive five-year term for the prior serious felony (§ 667, subd. (a)), and three consecutive one-year terms on the three prior prison term enhancements (§ 667.5, subd. (b)). Against his total 13-year prison term, Lupien was given 256 days of custody credits and 39 days of conduct credits. He was ordered to pay a $3,000 restitution fine, and a parole revocation fine in that amount was stayed.

Lupien filed a timely notice of appeal.

---

[2]    *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Counsel suggests, as an issue for our review, whether the trial court erred in denying Lupien's motion to strike his prior conviction.

We granted Lupien permission to file a brief on his own behalf, and he did so. Lupien also filed a petition for a writ of habeas corpus, which we have ordered considered with his appeal. In his brief, Lupien argues the trial court erred in denying his motion to strike his prior conviction. In particular, he argues the trial court should not have relied solely on the minute order, which shows that the trial court in the prior case advised Lupien of his right against self-incrimination, his right to confront witnesses, and his right to a jury trial.

Although, as the trial court itself indicated, a reporter's transcript of *Boykin-Tahl* admonishments and their waiver is a preferable means of establishing compliance, it is not required. In *People v. Pride* (1992) 3 Cal.4th 195, 255-256, a case where no reporter's transcript was available and, unlike the minute order here, the minute order did not expressly refer to all three *Boykin-Tahl* admonishments, the court nonetheless held that a trial court could infer compliance from testimony as to the deceased trial judge's "habit and custom." Here, the minute order expressly refers to Lupien's right against self-incrimination, his right to confront witnesses, and his right to a jury trial and indicates

3

that he waived them. In light of *People v. Pride*, *supra*, at pages 255-256, the minute order in this record was sufficient to establish compliance with *Boykin/Tahl*.

Our review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 has disclosed no reasonably arguable appellate issues.

We find Lupien was adequately represented both at trial and on appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

McDONALD, J.

AARON, J.

4